IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| JOHNNY A. RUCKER, JR.<br>ADC #102096 | PETITIONER |
| V.   NO. 5:07cv00051 JWC | |
| LARRY NORRIS, Director,<br>Arkansas Department of Correction | RESPONDENT |

### ORDER

By judgment entered March 11, 2008 (doc. 23), this 28 U.S.C. § 2254 petition for writ of habeas corpus was dismissed. Through counsel, Petitioner has filed a notice of appeal and a request for certificate of appealability, seeking permission to proceed with an appeal to the Eighth Circuit Court of Appeals (doc. 24).

Before a federal habeas petitioner may proceed with an appeal, he must seek and obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (COA is jurisdictional prerequisite to an appeal). To be entitled to a COA, an applicant must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). He is required to indicate which issues satisfy the showing. *Id.* § 2253(c)(3). A substantial showing is a demonstration that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Petitioner is entitled to a COA as to Ground 1(C)[1] (*see* doc. 22, at 22-35) and Ground 2(A)[2] (*see* doc. 22, at 40-48).

Petitioner's request for a COA is denied as to his procedurally defaulted supplemental claim that the Arkansas Supreme Court applies an erroneous standard of review on the issue of voluntariness of confessions (doc. 21, at 1-7; doc. 22, at 34-35). *See Langley v. Norris*, 465 F.3d 861, 862-63 (8th Cir. 2006) (revoking COA on claim that was clearly procedurally defaulted).

Petitioner's request for a COA is also denied as to the argument that 28 U.S.C. § 2254(d) "violates Article III of the U.S. Constitution and the judicial power to decide whether the U.S. Constitution was violated by state action." Petitioner raised this argument in a

---

[1] This claim is framed in the petition (doc. 3, at 2) as follows:

C.  The trial court unconstitutionally refused to give an instruction that the voluntariness of a confession is for the jury holding that its preliminary determination of voluntariness precluded an instruction on that point.

    1.  Voluntariness of a confession is ultimately for the jury to decide.

    2.  The state courts constitutionally [sic] erred in determining that the defense psychologist and a jail inmate who saw Petitioner in the jail intoxicated after the statement were not relevant (trial court) or cumulative (appeals court); they obviously were relevant and noncumulative.

    3.  Defense counsel's proffered instruction on voluntariness and the jury's determination of voluntariness or truthfulness was ineffective assistance of counsel.

[2] The claim framed in the petition (doc. 3, at 2-3) is:

Petitioner has a due process right and right to put on a defense to have the fingerprints on the murder weapon checked against AFIS or the three named individuals.

A.  The Arkansas courts' determination that Petitioner has failed to make a showing that fingerprint testing had the "scientific potential" to produce new evidence is unreasonable and entitled to no deference under AEDPA.

supplemental brief as a two-sentence "rebuttal" to the state's response (doc. 21, at 8), Respondent did not address the argument, the Court did not specifically address it in the fifty-eight page memorandum opinion denying relief, and Petitioner did not seek clarification or a specific ruling on the issue after judgment was entered. Neither Petitioner's truncated discussion in his supplemental brief nor his COA request here demonstrates a "substantial showing of the denial of a constitutional right," as required for issuance of a COA. Therefore, his request for a COA on this issue is denied.

Accordingly, Petitioner's request for a certificate of appealability (doc. 24) is **granted** as to Grounds 1(C) and 2(A) and **denied** as to all other claims or issues.[3] The Clerk of the Court is directed to forward this order, along with the file of this Court's proceedings, to the Eighth Circuit Court of Appeals in accordance with Fed. R. App. P. 22(b)(1).

IT IS SO ORDERED this 28th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner does not appear to seek a COA as to Grounds 1(A), 1(B), 2(B) or 3 (*see* doc. 3, at 2-3).